USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 3/1/12

Helen F. Dalton & Associates, PC

69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CARITINO MALDONADO, JUAN MARTINEZ-DIAZ,
SIMON GONZALES NICOLAS, AND JORGELINA
MENDOZA-GALVEZ,

       Plaintiffs,  **STIPULATION AND ORDER OF DISMISSAL**

   -against-  11-CV-2748 (AJP)

SPOONBREAD TOO INC., AND NORMA DARDEN,
an individual,

       Defendants.
-------------------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above captioned action, through the undersigned counsel, that the action (and all claims and causes of action that were or could have been asserted in it) be withdrawn, discontinued and dismissed, with prejudice, in accordance with Rule 41 of the Federal Rules of Civil Procedure.

_____
Roman Avshalumov, Esq. (RA 5508)
HELEN F. DALTON & ASSOCIATES, P.C.
69-12 Austin Street
Forest Hills, NY 11375
(718) 263-9591

Dated: 2/16/2012

_____
John P. DeMaio, Esq.
75 Maiden Lane, Suite 203
New York, NY 10038
Tel. (212) 405-2104
Fax 646-202-1439

Dated: 2/28/2012

SO ORDERED.

Dated: _____

SO ORDERED
_____ 3/1/12
Hon. Andrew Jay Peck
United States Magistrate Judge

BY ECF



RECEIVED
FEB 28 2012
CHAMBERS OF
ANDREW J. PECK

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement and Release of All Claims (hereinafter "Agreement") is made and entered into by and between CARITINO MALDONADO, JUAN MARTINEZ-DIAZ, SIMON GONZALES NICOLAS, AND JORGELINA MENDOZA-GALVEZ, on behalf of themselves, their agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter referred to collectively as "Plaintiff"), and SPOONBREAD TOO INC., AND NORMA DARDEN, an individual, (hereinafter referred to collectively as the "Defendants"), on behalf of themselves and their parent(s), subsidiaries, divisions, affiliates and other related entities and all of their incumbent and former officers, directors, owners, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, assigns and representatives, in their individual and/or representative capacities, and for the benefit of the individual defendants' agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter referred to collectively as "Releasees").

WHEREAS, on or about April 22, 2011 Plaintiff filed, in the United States District Court for the Southern District of New York, a complaint in an action entitled CARITINO MALDONADO, JUAN MARTINEZ-DIAZ, SIMON GONZALES NICOLAS, AND JORGELINA MENDOZA-GALVEZ vs SPOONBREAD TOO INC., AND NORMA DARDEN, DOCKET NUMBER 11 CV 2748 asserting violations of the FLSA and New York Labor Law (Hereinafter, the "Complaint"); and

WHEREAS, Plaintiffs and the Defendants desire to fully and finally resolve and settle in full all claims that Plaintiffs had, has, or may have against any of the Releasees, including, but not limited to, all claims and issues that were or could have been raised in the Complaint;

NOW, THEREFORE, Plaintiffs and the Defendants, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1. <u>No Admission of Liability</u>: By entering into this Agreement, the Defendants do not in any way admit liability or wrongdoing toward Plaintiffs or anyone else, either implicitly or explicitly. Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by the Defendants or any of the Releasees under any law, ordinance, rule, regulation or order with respect to any claim that Plaintiffs or any other person has asserted, could have asserted or may assert in connection with Plaintiffs or any other person's relationship with the Defendants. The Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiffs, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

2. <u>Consideration</u>: In consideration for Plaintiff entering into this Agreement and in full and complete satisfaction of all of their actual and potential claims against any of the Defendants, the Defendants shall, according to the <u>payment schedule</u>, issue eleven (11) checks in total amount of $17,500 (seventeen thousand five hundred dollars) (a) one check in the amount of seventy five hundred dollars ($7,500) made payable to the Law Offices of Helen F. Dalton & Associates, P.C.; and (b) ten checks in the amount of one thousand dollars ($1,000) each, made payable to Law Offices of Helen F. Dalton & Associates, P.C. for which an I.R.S. For each check, Form 1099 shall be issued to Tax ID number 113491614. Plaintiffs agree and affirm that this payment shall constitute the entire amount of monetary consideration provided to them and their legal counsel under this Agreement and that neither them nor their legal counsel will seek

any further compensation for any other claimed damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement or any aspect of Plaintiff's relationship with the Defendants.

3. Payment Schedule:

   i. 1st Installment    Payable to "Helen F. Dalton & Associates, P.C., as Attorneys for Plaintiff" in the amount of $7,500.

      1. This payment is due on February 27, 2012.

   ii. 2nd installment    Payable to "Helen F. Dalton & Associates, P.C., as Attorneys for Plaintiff" in the amount of $1,000.

      1. This payment is due March 30, 2012.

   iii. 3rd installment    Payable to "Helen F. Dalton & Associates, P.C., as Attorneys for Plaintiff" in the amount of $1,000.

      1. This payment is due April 30, 2012.

   iv. 4th installment    Payable to "Helen F. Dalton & Associates, P.C., as Attorneys for Plaintiff" in the amount of $1,000.

      1. This payment is due May 30, 2012.

   v. 5th installment Payable to "Helen F. Dalton & Associates, P.C., as Attorneys for Plaintiff" in the amount of $1,000.

      1. This payment is due June 30, 2012.

   vi. 6th installment    Payable to "Helen F. Dalton & Associates, P.C., as Attorneys for Plaintiff" in the amount of $1,000.

      1. This payment is due July 30, 2012.

vii. <u>7th installment</u>   Payable to "Helen F. Dalton & Associates, P.C., as Attorneys for Plaintiff" in the amount of $ 1,000.

   1. This payment is due August 30, 2012.

viii. <u>8th installment</u>   Payable to "Helen F. Dalton & Associates, P.C., as Attorneys for Plaintiff" in the amount of $ 1,000.

   1. This payment is due September 30, 2012.

ix. <u>9th installment</u>   Payable to "Helen F. Dalton & Associates, P.C., as Attorneys for Plaintiff" in the amount of $ 1,000.

   1. This payment is due October 30, 2012.

x. <u>10th installment</u>   Payable to "Helen F. Dalton & Associates, P.C., as Attorneys for Plaintiff" in the amount of $ 1,000.

   1. This payment is due November 30, 2012.

xi. <u>11th installment</u>   Payable to "Helen F. Dalton & Associates, P.C., as Attorneys for Plaintiff" in the amount of $ 1,000.

   1. This payment is due December 30, 2012.

4. <u>Voluntary Dismissal with Prejudice</u>:

a. Plaintiffs hereby authorize and direct their attorneys, upon the receipt of the first payment in accordance with this Agreement, before a notary public, to prepare, execute and file with the Court the Stipulation and Order of Dismissal together with this Settlement Agreement in the format attached hereto as Exhibit A or in any other format required by the Court, and by executing any other documents necessary to complete such dismissal with prejudice.

b. Plaintiff represents that other than the Complaint referenced above, they have not filed with any court, government agency or other tribunal any action, complaint, charge, grievance or arbitration against the Releasees.

5. Release of All Claims:

a. To settle any and all claims and actions of any nature whatsoever between Plaintiffs and Defendants and release and forever discharge Defendants of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Plaintiff's employment or separation from employment with Defendant, or related to the transactions or matters which are the subject matter of the lawsuit DOCKET NUMBER 11 CV 2748:, pending in the United States District Court for the Southern District of New York, including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including the Employee Retirement Income Security Act of 1974, the Civil Rights Acts of 1866, 1871, 1964, and 1991, the Rehabilitation Act of 1973, the Fair Labor Standards Act, the Equal Pay Act of 1963, the Vietnam Era Veterans's Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers' Benefit Protection Act. This is not a complete list, and Plaintiffs waive and release all similar rights and claims under all other federal, state and local discrimination provisions and all other statutory and common law causes of action relating in any way to Plaintiffs' employment or separation from employment with Defendants, or otherwise, and

whether such claims are now known or unknown to Plaintiff, from the beginning of the world to the effective date of this Agreement.

b. In exchange for the consideration above, Defendants release Plaintiffs from any and all claims, charges, actions and causes of action of any kind or nature that Defendants once had or now have, whether arising out of Plaintiffs' employment, or otherwise, and whether such claims are now known or unknown to Defendants from the beginning of the world to the effective date of this Agreement.

6.   Confidentiality:

a.   Both parties agree to file this agreement with the court. However, both parties represent that except for this filing, neither them nor their counsel has disclosed or will disclose, directly or indirectly, to anyone, this Agreement or its terms. Neither any of the parties, nor their counsel, nor other representatives shall speak or write to, or otherwise communicate with, any representatives of the media with regard to any matters pertaining to the above referenced action, Plaintiffs relationship with the Defendant or this Agreement, and, if asked to comment, shall state only that the matter has been "resolved." Notwithstanding the foregoing, Plaintiffs may disclose the existence and terms of this Agreement to members of their immediate family and their financial advisors for tax purposes or financial planning, who shall also be obligated to keep the existence and the terms of this Agreement strictly confidential. In addition, Plaintiff may disclose the existence and terms of this Agreement if necessary in any action to enforce this Agreement, or as otherwise required by law.

b.   Defendants agree not to disclose the existence or contents of this Agreement to any present or prospective employer of Plaintiff. If Defendants are contacted by

any prospective or current employer of Plaintiff, they may confirm dates of employment only, and job position, but shall not make disparaging remarks against Plaintiff.

    c.    Plaintiff's counsel represents that they do not represent any other employees of Defendants at the time of execution of this agreement.

7.    <u>Breach of Agreement</u>: Breach of any of the provisions of this Agreement by any party to this agreement shall be deemed a material breach. In the event of any such breach, the non-breaching party shall be entitled to recover damages, attorneys' fees, costs and/or injunctive relief from a court of competent jurisdiction.

    a.  In case of a breach by Defendants of Paragraph 3 of this Agreement, Plaintiffs agree to provide a 5 (five) day Notice to Cure by facsimile transmission to Defendants' attorney John P. DeMaio, Esq. at 646-202-1439.

    b.  Defendants agree that in case of the breach and receipt of the Notice to Cure, they will cure within 21 days. If it is not cured within 21 days, defendants have an additional 5 days to pay the amount due and an additional $500 (five hundred dollars) as penalty

    c.  However, if breach described in 7 (a) and (b) happens five times or Defendants fail to cure within 26 (twenty six) days after a 5(five) day Notice to Cure, a judgment shall be entered in Plaintiff's favor, in the outstanding amount plus $1,000 as penalty. Reasonable and necessary attorney's

fees actually incurred in enforcing this default are collectable.

d. If it is determined by a court of competent jurisdiction that Plaintiffs breached Paragraph 6 of this Agreement, after execution of this agreement, then such Plaintiff will be required to pay back the money he/she received to Defendants. Additionally, Defendants will stop issuing additional payment, but only after such determination from the court of competent jurisdiction is rendered.

8. **Applicable Law**: This Agreement shall be governed by, interpreted, construed and enforced in accordance with the laws of the United States and the State of New York.

9. **Enforceability**: If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Agreement and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

10. **Interpretation of Agreement**: The parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

11. **Headings**: The headings in this Agreement are for the convenience of the parties and are not intended to modify the terms of the Agreement.

12. <u>Voluntary Agreement</u>: Plaintiff and Defendants agree and affirm that:

    a. They have carefully read and fully understands all of the provisions of this Agreement;

    b. They were advised and hereby are advised to consider carefully the terms of this Agreement and consult with an attorney prior to executing this Agreement;

    c. They have been given a reasonable time to consider their rights and obligations under this Agreement and to consult with an attorney before executing it;

    d. They have consulted with their attorney of choice before executing this Agreement;

    e. They knowingly and voluntarily agree to all of the terms set forth in this Agreement, and intend to be legally bound by them.

13. <u>Complete Agreement</u>: This Agreement sets forth the entire agreement between the parties, and fully supersedes any and all prior or contemporaneous agreements or understandings between them. This Agreement may not be altered, amended, modified, superseded, canceled or terminated except by an express written agreement duly executed by all the parties, or their attorneys on their behalf, which makes specific reference to this Agreement.

14. <u>Counterparts</u>: This Agreement may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document. A copy of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement.

**WHEREFORE**, the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

Dated: 7/1/12

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

X _____
CARITINO MALDONADO

STATE OF NEW YORK )
) ss.:
COUNTY OF Queens

On this 27 day of February, 2012 before me, the undersigned, appeared CARITINO MALDONADO personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

X _____
Notary Public

Dated: _____

X _____
JUAN MARTINEZ-DIAZ

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20__

STATE OF NEW YORK )
) ss.:
COUNTY OF Queens

On this 27 day of February, 2012 before me, the undersigned, appeared JUAN MARTINEZ-DIAZ personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

X _____
Notary Public

Dated: _____

X _____
JORGELINA MENDOZA-GALVEZ

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20__

STATE OF NEW YORK )
) ss.:
COUNTY OF Queens

On this 27 day of February 2012 before me, the undersigned, appeared JORGELINA MENDOZA-GALVEZ personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and she executed the above agreement by free act and deed, and thereby subscribed to it.

_Hugo Puga_
**Notary Public**

Dated: 2/17/2012

_Norma Darden_
NORMA DARDEN, INDIVIDUALLY

_Norma Darden_
NORMA DARDEN AS AN AGENT FOR
SPOONBREAD TOO INC.,

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF  NY     )

On this 17 day of February, 2012 before me, the undersigned, appeared NORMA DARDEN personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and she executed the above agreement by free act and deed, and thereby subscribing to it.

_____
Notary Public

